## BYORICK, et ux v. NOLL, et ux.

Circuit Court, Dade County.

November 27, 1957.

Kelner & Lewis, Miami, for plaintiffs.

Brown, Dean, Adams & Fischer, Miami, for defendants.

VINCENT C. GIBLIN, Circuit Judge.

The court has heard and considered the post-trial motions filed in the cause.

This action grew out of an accident in which the plaintiff wife, Martha C. Byorick, a pedestrian, was struck by an automobile owned by the defendant Regina C. Noll and operated, with her

knowledge and consent, by her husband, the defendant, Edward C. Noll.

The basic issues submitted, with appropriate instructions, to the jury, and decided by them, were (1) whether or not the defendant driver was guilty of negligence which was a proximate cause of the injuries sustained by the plaintiff wife in the accident, and (2) whether or not she herself was guilty of negligence which was a contributing proximate cause of such injuries.

It is obvious, because of the jury's verdict, that they decided that it had been proved, by a preponderance of evidence, that the defendant driver was guilty of negligence which was a proximate cause of the plaintiff wife's injuries and that it had not been proved, by a preponderance of evidence, that she was guilty of negligence which was a contributing proximate cause of such injuries. Had they not so decided, they would not have returned, as they did, a verdict for the plaintiffs. Their verdict was—"We, the jury, find for the plaintiffs, Martha C. Byorick and Frank J. Byorick, her husband, and against the defendants, Edward C. Noll and Regina C. Noll; and we assess the damages recoverable by the plaintiff wife at and in the sum of $15,000 and the damages recoverable by the plaintiff husband at and in the sum of $ *None*. So say we all."

There was, in the court's opinion, an adequate evidentiary basis for the jury's determination as to the defendants' liability and for the award of $15,000 damages to the plaintiff wife.

There was uncontradicted and undisputed evidence that the plaintiff husband, because of the injuries sustained by his wife in the accident which gave rise to the litigation, has incurred substantial expenses in providing her with medical advice, care and treatment and with hospitalization in the effort to effect a cure or an alleviation of her pain, suffering and disabilities proximately resulting from the accident; and that he has suffered a substantial loss of her society, companionship and services for a considerable period of time as a proximate result of the accident.

The plaintiff husband's post-trial motion (that he be accorded a new trial on the question of damages only) is predicated on the jury's failure to award him any damages. The court is of the opinion, and holds, that such motion should be granted.

For the reasons stated, the defendants' post-trial motion (for the entry of a judgment in accordance with their motion for a directed verdict or, in the alternative, for a new trial) is denied; and the mentioned post-trial motion of the plaintiff husband is granted.

Accordingly, it is ordered and adjudged (1) that the final judgment of November 14, 1957 (entered on November 15, 1957, in minute book 348, at page 533), in favor of the plaintiff wife, be, and it is, confirmed; (2) that (inasmuch as there is not now involved in the action any genuine issue as to the liability of the defendants to the plaintiff husband, because of the jury's verdict) he shall have and recover from them such damages (to be determined and assessed by a jury) as will reasonably compensate him for the expenses which he has incurred, or may reasonably be expected to incur in the future, in or incident to the effort to effect a cure or an alleviation of such pain, suffering and disabilities as she has experienced, or will experience in the future, as a proximate result of the injuries which she sustained in the accident out of which this action arose, and as will reasonably compensate him for such loss of his wife's society, companionship and services as he has sustained, or will sustain in the future, as a proximate result of such injuries; and (3) that, for the sole purpose of having such damages determined and assessed by a jury, this action is set for a new trial before the undersigned judge and a jury, in the court room in which he shall be presiding, on Monday, January 20, 1958, at nine-thirty o'clock in the forenoon, or as soon thereafter as such trial may be had.

The clerk is directed to transmit a true copy of this order to the attorneys for the plaintiff Frank J. Byorick and a true copy to the attorneys for the defendants; and the receipt of such copy shall constitute notice of the new trial scheduled by this order.

Ordered and adjudged in the courthouse of Dade County, Florida, at Miami, November 27, 1957.

---

*It is hereby certified that on November 27, 1957, a true copy of the foregoing order and judgment was mailed to each of the following named attorneys of record: Messrs. Kelner and Lewis, Industrial National Bank Building, Miami 32, Florida; and Messrs. Brown, Dean, Adams & Fischer, 511 Biscayne Building, Miami 32, Florida.*

*November 27, 1957.*

E. B. LEATHERMAN, Clerk,
By *Mary Smith*
Deputy Clerk